JUSTICE TRIEWEILER
concurring and dissenting.
¶33 I concur with the majority’s conclusions that Carmen G. Contreras’ negligence and the comparative negligence of the parties presented issues of fact which could not be decided by summary judgment.
¶34 I dissent from the majority’s conclusion that based on the undisputed facts in this case, the Counter-Plaintiff, Sarah Fitzgerald, made an illegal pass in a no-passing zone.
¶35 The majority Opinion incompletely characterizes Fitzgerald’s argument. It is true that she contends on appeal that § 61-8-326, MCA, required both markings and signs to indicate that the area where she *267 operated her vehicle was a no-passirig zone. I agree with the majority’s conclusion that the requirement is stated in the alternative and that both signs and markings were not necessary.
¶36 However, Fitzgerald also argues on appeal that the markings were not clearly visible and that the one sign which was erected prior to the point of her collision with Contreras was not adequate to create a no-passing zone. With this argument I agree.
¶37 Section 61-8-326, MCA, which is more fully set out in ¶ 13 of the majority Opinion, states that no-passing zones may be established by the Department of Transportation through the use of either “signs” or “markings on the roadway.” However, subparagraph (1) of the statute also clearly requires that whether signs or markings are used, they must indicate “the beginning and end of these zones.” (Emphasis added.) Subparagraph (2) limits the no-passing zone to situations where “signs ... define a no-passing zone ....” (Emphasis added.)
¶38 It is significant that at all times referred to in § 61-8-326, MCA, “signs” are referred to in the plural. At no point does that statute suggest that one sign is an adequate alternative to markings on the roadway. The obvious reason is that one sign cannot mark the beginning “and end” of a passing zone and it does a driver such as Fitzgerald no good to know merely where the no-passing zone begins if she does not know (because the markings on the road were obscured) where the passing zone ends. For example, in this case, the collision occurred on a straight stretch of road with visibility for several miles. Other than for markings on the road or “signs” which clearly define the beginning and end of the no-passing zone, there was no way for Fitzgerald to know when the no-passing zone ended. Nor was there any apparent reason for her to assume she was in a no-passing zone at the time of her collision. According to the arguments made on appeal, the no-passing zone ended one-tenth of a mile later with no obvious reason for distinguishing that point on the road from where the collision occurred.
¶39 I would conclude that the point where Fitzgerald’s collision with Contreras occurred, there were no markings on the road or “signs” which were clearly visible and sufficient to indicate the “beginning and end” of the no-passing zone and that, therefore, Fitzgerald was not making an illegal pass at the time of her collision with Contreras. Whether she was otherwise negligent based on her common law duty to exercise reasonable care presented an issue of fact to be decided by the jury. Therefore, I would reverse the District Court’s conclusion that Fitzgerald was negligent as a matter of law for passing in a no-passing zone and I dissent from the majority’s failure to do so.
*268 ¶40 For these reasons, I concur in part and dissent in part from the majority Opinion.